IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| KINGSLEY ARIEGWE, | ) | Cause No. CV 12-37-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD, Warden, | ) | |
| Montana State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On May 24, 2012, Petitioner Kingsley Ariegwe moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Ariegwe is a state prisoner proceeding pro se.

Mr. Ariegwe's motion to proceed in forma pauperis will be granted. The petition, however, is his third challenging his 2004 conviction for attempted sexual intercourse without consent and unlawful transactions with a child. *See Ariegwe v. Mahoney*, No. CV 11-43-H-DWM-RKS (D. Mont. judgment entered Aug. 31, 2011); *Ariegwe v. Ferriter*, No. CV 08-79-GF-SEH-RKS (D. Mont. judgment entered Apr.

21, 2009). On April 9, 2012, the Court of Appeals denied Mr. Ariegwe leave to file a second or successive petition in this Court. Order at 1-2, *Ariegwe v. Mahoney*, No. 12-70249 (9th Cir. Apr. 9, 2012).

Nonetheless, Mr. Ariegwe notes that his *second* petition was dismissed without prejudice, Pet. (doc. 1) at 7-8, and he purports to rely on the rule of *Slack v. McDaniel*, 529 U.S. 473, 485-87 (2000). But *Slack* holds, in pertinent part, that "A petition filed after a mixed petition has been dismissed . . . *before the district court adjudicated any claims* is to be treated as 'any other first petition' and is not a second or successive petition." *Id.* at 487 (referring to *Rose v. Lundy*, 455 U.S. 509 (1982)) (emphasis added). The claims in Mr. Ariegwe's *first* petition were adjudicated and denied for lack of merit. The manner of disposition of his second petition – or, for that matter, the current petition – does not alter that fact. District courts lack jurisdiction even to consider a second or successive challenge to a conviction. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). His third petition must be dismissed.

A certificate of appealability is not warranted. The Court of Appeals denied a certificate of appealability as to both Mr. Ariegwe's first and his second petition. Order at 1, *Ariegwe v. Ferriter*, No. 09-35432 (9th Cir. Apr. 2, 2010); Order at 1, *Ariegwe v. Mahoney*, No. 11-35742 (9th Cir. Dec. 21, 2011).

Because leave has already been denied, transfer of the petition to the Court of Appeals is not in the interests of justice. 28 U.S.C. §§ 1631, 2244(b).

Based on the foregoing, the Court enters the following:

**ORDER**

Petitioner's motion to proceed in forma pauperis (doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DISMISSED.

2. A certificate of appealability should be DENIED.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Ariegwe may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Ariegwe files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must

itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.  Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Ariegwe from relying on that fact or argument at a later stage of the proceeding.  A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Ariegwe is cautioned that he must immediately inform the Court of any change in his mailing address</u>.  Failure to do so may result in dismissal of this case without notice to him.

DATED this 1st day of June, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge